IT IS ORDERED

Date Entered on Docket: September 29, 2017

_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**



_____

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

In Re:

**BARBIE BARKER,**

    Debtor.                                                                Case No. 17-11248-t7

**DEFAULT ORDER GRANTING FIRST FINANCIAL CREDIT UNION RELIEF**
**FROM STAY AND ABANDONMENT OF PERSONAL PROPERTY**

    This matter came before the Court on the Motion for Relief from Stay and to Abandon Property filed on August 28, 2017 (Doc. 24) (the "Motion") by First Financial Credit Union ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

    (a)    On August 28, 2017 Movant served the Motion and a Notice of the Motion (Doc. 25) (the "Notice") on the Chapter 7 Trustee, Edward Alexander Mazel, (the "Trustee"), by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor Pro Se, Barbie Barker, by First Class United States Mail, to PO Box 42, Grants, NM 87020 in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the following personal property, a 2016 Ford Explorer (the "Collateral").

(c) The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days has been added under Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on September 21, 2017;

(f) As of September 26, 2017, neither the Debtor, the Trustee, nor any other party in interest, has filed an objection to the Motion;

(g) The Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that, on September 26, 2017, Deborah S. Seligman, counsel for Movant searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. The automatic stay pursuant to 11 U.S.C. Section 362 is hereby modified to allow Movant to enforce all of its contract, state law, and/or other rights against the Collateral.

2. The automatic stay is modified to permit the Movant, to the extent permitted by applicable nonbankruptcy law, to repossess the Collateral and otherwise enforce all its rights with regard to the Collateral, including any rights to sell the Collateral by judicial or nonjudicial means and apply the proceeds therefrom to the obligation owed to Movant by the Debtor, and to do whatever else may be necessary to preserve and conserve the Collateral.

The automatic stay is further modified to the same extent in favor of all other persons claiming a lien against the Collateral.

3. The Trustee is deemed to have abandoned the Collateral from the estate pursuant to 11 U.S.C. §554, and the Collateral no longer is property of the estate. Therefore, Movant need not name the Trustee as a defendant in any state court action it may pursue with respect to the Collateral and need not notify the Trustee of any sale of the Collateral.

4. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, although the Debtor can be named as a defendant in litigation to obtain an in rem judgment or to repossess the Collateral in accordance with applicable non-bankruptcy law.

5. This Order does not waive Movant's claim against the bankruptcy estate for any deficiency owed by the Debtor after disposition of the Collateral. Movant may file an amended proof of claim in this bankruptcy case within 30 days after the sale of the Property, should it claim that Debtor owes any amount after the sale of the Collateral.

6. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

7. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

### END OF ORDER ###

Submitted by:

/s/ Submitted Electronically
DEBORAH S. SELIGMAN
Attorney for First Financial Credit Union
P.O. Box 7806
Albuquerque, NM 87194
Telephone: (505) 247-3030
Facsimile: (505) 247-3165

Endorsed copies will be sent to:

Barbie Barker
PO Box 42
Grants NM 87020

Edward Alexander Mazel
Chapter 7 Trustee
Askew & Mazel, LLC
1122 Central Ave. SW - Suite 1
Albuquerque NM 87102

Submitted Electronically
Deborah S. Seligman